IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICKLAUS A. KOOPEN,

      Plaintiff,                              No.  2:08-cv-1341-JFM-(PC)

      vs.

FAIRFIELD POLICE DEPARTMENT,      ORDER AND
et al.,

                                               FINDINGS & RECOMMENDATIONS

      Defendants.

_____/

        Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Title 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis prior to service "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  Under this standard, a district court may review the complaint and dismiss sua sponte those claims premised on meritless legal theories or that clearly lack any factual basis.  Denton v. Hernandez, 112 S.Ct. 1728, 1730-31 (1992).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a
2 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
3 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
4 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
5 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6 complaint under this standard, the court must accept as true the allegations of the complaint in
7 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
8 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10    Plaintiff's complaint alleges claims of false arrest stemming from events that
11 occurred on January 9, 2008 in Fairfield, California.  Plaintiff names the Fairfield Police
12 Department and Officers Kelly Rombach and Cesar as defendants in this action.  Plaintiff alleges
13 he was wrongfully arrested on February 5, 2008, for evading the police of Fairfield.  Plaintiff
14 states the charges are still pending, and  trial is set.  (Complt. at 7.)

15    The Civil Rights Act under which this action was filed provides as follows:

16    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
17   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
18   law, suit in equity, or other proper proceeding for redress.

19 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
20 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
21 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
22 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
23 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
24 omits to perform an act which he is legally required to do that causes the deprivation of which
25 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
26 /////

1    Moreover, supervisory personnel are generally not liable under § 1983 for the
2 actions of their employees under a theory of respondeat superior and, therefore, when a named
3 defendant holds a supervisorial position, the causal link between him and the claimed
4 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
5 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
6 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
7 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
8 Cir. 1982).

9    Federal courts are generally directed to abstain from granting injunctive or
10 declaratory relief that would interfere with pending state judicial proceedings.  Younger v.
11 Harris, 401 U.S. 37, 49-53 (1971); Hirsch v. Justices of the Supreme Court of the State of
12 California, 67 F.3d 708, 712 (9th Cir. 1995).  In the Ninth Circuit, Younger abstention is proper
13 where (1) there are ongoing state judicial proceedings, (2) that implicate important state interests;
14 and (3) there is an adequate opportunity in the state proceedings to raise the federal claims.  H.C.
15 v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).  If these requirements are met, the case must be
16 dismissed.  Beltran v. State of California, 857 F.2d 542, 548 (9th Cir. 1988).

17    Plaintiff's complaint demonstrates that there is an ongoing state court action
18 involving plaintiff.  California courts have a strong interest in enforcing orders and disciplining
19 parties before the courts.  See Hirsch, 67 F.3d at 712-13.  In addition, plaintiff may raise his
20 constitutional claims in the state court on appeal.  Thus, imposition of the abstention doctrine is
21 appropriate and plaintiff's claims relating to the ongoing state court action must be dismissed.

22    Moreover, plaintiff cannot claim damages for an allegedly unconstitutional
23 conviction unless his conviction or sentence has been reversed on direct appeal, declared invalid
24 by a state tribunal authorized to make such determination, or called into question by a federal
25 court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 US. 477, 486 (1994).
26 /////

1      Because there are ongoing state proceedings, plaintiff cannot amend his complaint
2 to state a cognizable civil rights claim.  Accordingly, this action must be dismissed without leave
3 to amend, and his request for leave to proceed in forma pauperis will be denied without
4 prejudice.
5      In accordance with the above, IT IS HEREBY ORDERED that:
6      1. The Clerk of the Court is directed to assign a district judge to this case; and
7      2. Plaintiff's request to proceed in forma pauperis is denied without prejudice;
8 and
9      IT IS HEREBY RECOMMENDED that this action be dismissed without
10 prejudice.
11      These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, plaintiff may file written
14 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
17 F.2d 1153 (9th Cir. 1991).
18 DATED:  June 18, 2008.

                                UNITED STATES MAGISTRATE JUDGE

22 /001; koop1341.56